Chad A. Rutkowski
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  (215) 564-2727
Facsimile:  (215) 568-3439
crutkowski@bakerlaw.com

*Attorney for Plaintiff 2U, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### TRENTON DIVISION

| | |
|---|---|
| **2U, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **Me-2U LLC**, <br><br> Defendant. | Civil Action No. _____ <br><br> VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES <br><br> JURY TRIAL DEMANDED |

### **COMPLAINT**

Plaintiff 2U, Inc. ("Plaintiff" or "2U") brings this Verified Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendant Me-2U LLC ("Defendant").  Plaintiff's principal place of business is 8201 Corporate Drive, Suite 900, Landover, Maryland 20785.  On information and belief, Me-2U's principal place of business is 9 Midvale Drive, Pittstown, New Jersey 08867. Plaintiff states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under Sections 32 and 43 of the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1114, 1125, and under the laws of the State of New Jersey, for trademark infringement, unfair competition, domain name infringement, and unjust enrichment. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Delaware, with its principal place of business in Landover, Maryland.

3. On information and belief, Defendant is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in Pittstown, New Jersey, and doing business within this District.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125, as well as 28 U.S.C. §§ 1331, 1338, and 1367 because it involves claims arising under the Lanham Act (15 U.S.C. § 1051 *et seq.*).

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

6. On information and belief, the acts of Defendant, upon which this Complaint is based, have been and continue to be committed by Defendant in interstate commerce.

7. On information and belief, Defendant has done business in and has carried on a continuous and systematic part of its general business within the State of New Jersey, and is subject to the jurisdiction of this Court.

**OPERATIVE FACTS**

8. Plaintiff, a publicly traded company listed on the NASDAQ stock exchange (TWOU), at all times mentioned herein and for many years, has been, and is now, a leading provider of cloud-based software-as-a-service solutions that enable leading colleges and universities to deliver high quality online degree programs.

9. Specifically, Plaintiff offers a proprietary online platform and bundled technology-enabled services that provide the comprehensive operating infrastructure that allows its college and university partners to transform their on-campus programs into state-of-the-art web-based programs; this includes all phases of a student's college or university experience—from recruitment to graduation. For example, as part of Plaintiff's bundled technology-enabled services, Plaintiff provides student recruitment services to help colleges and universities identify and recruit potential students to their academic programs, as well as admissions

counseling services and application guidance to prospective students.

10. Plaintiff's impressive list of partner institutions includes, for example: Georgetown University; Washington University; The University of Southern California, The University of North Carolina at Chapel Hill; The University of California, Berkeley; Syracuse University; Northwestern University; Simmons College; American University; The George Washington University; Southern Methodist University; and Tecnológico de Monterrey.

11. Plaintiff's proprietary, cloud-based software-as-a-service solutions enable these colleges and universities to deliver high quality educational content to qualified students throughout the world.

12. Plaintiff's approach combines immersive course content, live classes, a real-world learning experience, social engagement, and dedicated support services to create what have been heralded as the world's best online degree programs.

13. Indeed, the success of Plaintiff's platform has been widely recognized, and Plaintiff has been featured in a variety of leading publications and news services such as: Fast Company; Mashable; Forbes; The Guardian; Inc. Magazine; Inside Higher Ed; Business Insider; and InformationWeek.

14. Plaintiff's services are sold and otherwise distributed in interstate commerce in the United States.

15. Since at least as early as 2012, Plaintiff has been using its trademark 2U as a means of identifying its higher education services.

16. As a result of Plaintiff's use if its trademark 2U, and owing to its established reputation for its services, Plaintiff has gained a large and loyal following of customers consisting of colleges and universities throughout the country.

17. Plaintiff is the owner of the following U.S. trademark registrations that include "2U" (collectively the "2U marks").

| Exhibit | Trademark | Registration No. | Goods/Services |
| --- | --- | --- | --- |
| A | 2U | 4,367,437 | **(Int'l Cl. 35)** Business marketing services, namely marketing degree programs and educational courses for colleges and universities delivered online and student recruitment for university and college educational programs or courses delivered online<br>**(Int'l Cl. 41)** Educational services, namely developing online courses for colleges and universities<br>**(Int'l Cl. 42)** Providing an online network service that enables partner colleges and universities to offer distance learning instruction via a global computer network |

| Exhibit | Trademark | Registration No. | Goods/Services |
|---|---|---|---|
| B | 2U & Design<br><br>2U | 4,367,438 | **(Int'l Cl. 35)** Business marketing services, namely marketing degree programs and educational courses for colleges and universities delivered online and student recruitment for university and college educational programs or courses delivered online<br>**(Int'l Cl. 41)** Educational services, namely developing online courses for colleges and universities<br>**(Int'l Cl. 42)** Providing an online network service that enables partner colleges and universities to offer distance learning instruction via a global computer network |

18. Plaintiff owns all right, title, and interest in and to federal Registration No. 4,367,437 for the trademark 2U, issued on the Principal Register of the United States Patent and Trademark Office on July 16, 2013 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit A. The aforementioned registration is valid, subsisting, uncancelled, and unrevoked.

19. Plaintiff owns all right, title, and interest in and to federal Registration No. 4,367,438 for the trademark 2U & Design, issued on the Principal Register of the United States Patent and Trademark Office on July 16, 2013 for the goods and

6

services identified in the preceding table. A copy of this registration is attached hereto as Exhibit B. The aforementioned registration is valid, subsisting, uncancelled, and unrevoked.

20. Defendant holds itself out as a provider of products and services designed to market high school students to colleges and universities. According to its website at www.me-2u.com (a screenshot of which is attached hereto as Exhibit C), Defendant's web-based software captures and organizes high school students' resumes, and then markets those students "directly to colleges."

21. Defendant's website further explains that Defendant communicates with "administrators, admissions officers and coaches" to help colleges and universities find and enroll the best students.

22. Thus, Defendant provides services, including university recruitment services and student counseling services in the higher education market—the same space in which Plaintiff operates its highly successful and well-known business.

23. On information and belief, Defendant was founded in August 2013, which is after Plaintiff's 2U marks issued on the Principal Register.

24. On Defendant's website at www.me-2u.com, Defendant uses a mark, Me-2U, incorporating "2U" to market Defendant's goods and services.

25. On July 25, 2013 Plaintiff wrote to Defendant and identified its services and trademarks, and expressed concern over Defendant's use of the name

"Me-2U." Since at least as early as that date, Defendant was aware of Plaintiff's business and its use and ownership of the 2U marks.

26. Defendant's "Me-2U" designation and www.me-2u.com domain name are confusingly similar in sound, appearance, and connotation to Plaintiff's 2U marks, which are also used in association with higher education services for students and universities.

27. By directly marketing profiles of high school students to colleges and universities through www.me-2u.com, students, college officials, and other visitors to Defendant's website will be continuously confronted with the use of the term "me-2u" as the domain name for a company focused on the provision of higher education services, and whose name prominently includes 2U's marks.

28. By trading upon the goodwill of Plaintiff's 2U marks, and by using the domain name www.me-2u.com, coupled with a mark that includes "2U" for higher education services, Defendant's services have obtained a level of recognition, salability, and/or profitability that they would not have otherwise had.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

29. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

30. This is a cause of action for federal trademark infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Plaintiff's federally registered trademarks referenced in paragraph 18 above, and shown in Exhibits A and B attached hereto (the "2U marks") are valid, subsisting, uncancelled, and unrevoked.

32. Plaintiff has continuously used the 2U marks on and in connection with its higher education services, including its student recruitment services, since at least as early as 2012. Plaintiff has promoted in interstate commerce its federally registered trademarks since the date indicated on the face of the registration. Plaintiff's continuous use and promotion of its federally registered trademarks in interstate commerce have been prior to the acts of Defendant complained of herein.

33. Defendant has used and is using the mark and trade name "Me-2U" on or in connection with the rendering of higher education services, including student recruitment services, without Plaintiff's permission. Defendant's use of this mark and trade name without Plaintiff's permission constitutes infringement of Plaintiff's 2U marks.

34. Defendant's advertising, promotion, and sale of products and services using marks confusingly similar to the 2U marks is likely to cause confusion in the marketplace.

35. On information and belief, Defendant's acts were and are intended to, and are likely to cause confusion, mistake, or deception as to the source or origin,

sponsorship, or approval of the products and/or services marked by Defendant using a mark and trade name that are confusingly similar to the 2U marks, in that customers or others are likely to mistakenly believe that Defendant's higher education services, including its student recruitment, counseling, and consulting services, are rendered by, under the sponsorship of, or in affiliation with Plaintiff.

36. Defendant's services are rendered through the same channels of trade (e.g., the Internet, trade publications, word of mouth, etc.) to the same types of end customers (e.g., colleges, universities, and prospective students) as those rendered by Plaintiff.

37. Plaintiff has no control over the quality of services rendered, promoted, advertised, or sold by Defendant that feature confusingly similar imitations of the 2U marks, with the result that Plaintiff's valuable goodwill with respect to its trademarks is irreparably damaged by Defendant's acts complained of herein.

38. On information and belief, Defendant's infringing activities are willful.

39. On information and belief, Defendant will continue to infringe the rights secured to Plaintiff by the 2U marks unless restrained by this Court.

40.     As a result of Defendant's trademark infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II
### STATE TRADEMARK INFRINGEMENT CLAIM

41.     Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

42.     The cause of action arises under Section 56:3-13.16 of the New Jersey Statutes Annotated, N.J.S.A. § 56.3-13.16.

43.     Defendant's aforementioned conduct, in adopting and using a mark and trade name that are confusingly similar to the 2U marks, has infringed and is infringing upon Plaintiff's rights in its trademarks.

44.     Defendant's aforementioned conduct constitutes common law trademark infringement and trademark infringement under N.J.S.A. § 56.3-13.16.

45.     On information and belief, Defendant's infringing activities are willful.

46.     On information and belief, Defendant will continue to infringe the rights secured to Plaintiff by the 2U marks unless restrained by this Court.

47.     As a result of Defendant's trademark infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III
### FEDERAL UNFAIR COMPETITION

48. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

49. This cause of action for unfair competition arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendant's use of the mark "Me-2U," coupled with the domain www.me-2u.com, is confusingly similar in sound, appearance, and connotation to the 2U marks and Plaintiff's domain name www.2u.com. Plaintiff's and Defendant's respective services are also similar in that they both involve higher education, including student recruitment services, and in particular involve direct contact with officials and employees at colleges and universities.

51. Defendant's actions were and are intended to, and are likely to cause confusion, mistake or deception as to the source of origin, sponsorship, or approval of Defendant's goods and services, in that purchasers or others are possibly and likely to believe that Defendant's higher education services are associated with Plaintiff's higher education services, or that Defendant is legitimately connected with or related to Plaintiff.

52. In light of the similarity of Defendant's and Plaintiff's services, Defendant's use of the domain www.me-2U.com, coupled with the use of a mark

which includes "2U," as set forth above, is confusingly similar to Plaintiff's 2U marks. Defendant's use of the domain name www.me-2u.com, coupled with a mark which includes "2U," in connection with higher education services is likely to cause confusion, to cause mistake, or to deceive members of the public and trade, and infringe upon the rights secured by Plaintiff for Plaintiff's 2U marks.

53. Plaintiff has no control over the quality of services rendered, promoted, advertised, or sold by Defendant, with the result that Plaintiff's valuable goodwill with respect to Plaintiff's 2U marks is irreparably injured by Defendant's acts complained of herein.

54. On information and belief, Defendant's infringing activities are willful.

55. Defendant's aforementioned actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

56. As a result of Defendant's unfair competition, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT IV
### STATE UNFAIR COMPETITION CLAIM

57. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

13

58. This cause of action arises under Section 56:4-1 of the New Jersey Statutes Annotated, N.J.S.A. § 56:4-1.

59. By the activities complained of herein, Defendant is in a position to pass off its higher education services, including its student recruitment services, as services produced by, under license from, or with the approval of Plaintiff.

60. On information and belief, Defendant's infringing activities are willful.

61. Defendant's aforementioned actions constitute unfair competition in violation of N.J.S.A. § 56:4-1.

62. As a result of Defendant's unfair competition, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

### COUNT V
### ANTICYBERSQUATTING

63. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

64. This cause of action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. section 1125(d).

14

65. Plaintiff's 2U marks and its domain name, www.2u.com, are distinctive when used in connection with higher education services, including student recruitment services.

66. On information and belief, Defendant has registered a domain name, www.me-2u.com, which is confusingly similar to Plaintiff's 2U marks, particularly when combined with Defendant's prominent use of marks that include "2U" in connection with higher education services similar to those provided by Plaintiff.

67. On information and belief, Defendant chose to use the domain name, www.me-2u.com, even though Defendant was aware of Plaintiff, the 2U marks, and the www.2u.com domain.

68. By the acts and activities complained of herein, Defendant has a bad faith intent to profit from its registration of the domain www.me-2u.com.

69. By the acts and activities complained of herein, Defendant has an intent to divert consumers from Plaintiff's online location to a site accessible under a domain name that could harm the significant goodwill represented by Plaintiff's 2U marks, either for commercial gain or with the intent to tarnish, disparage, or dilute Plaintiff's marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

70. On information and belief, Defendant's activities are willful.

71. By the acts and activities complained of herein, Defendant has committed acts in violation of 15 U.S.C. section 1125(d).

72. As a result of such acts, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

### COUNT VI
### UNJUST ENRICHMENT

73. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

74. This cause of action arises under common law.

75. By the activities complained of herein, Defendant has been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff 2U prays for relief against Defendant as follows:

a. That Defendant, its partners, agents, representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert, or in participation with any or all of them, be enjoined preliminarily during the pendency of this action and thereafter permanently by Order of this Court from doing, abiding, causing, or abetting any of the following:

    i. directly or indirectly infringing Plaintiff's 2U marks;

    ii. passing off, inducing, or enabling others to sell or pass off any

16

    products or services as or for products or services rendered by Plaintiff that are not Plaintiff's, or are not rendered by or under the control, supervision, or approval of Plaintiff;

  iii. directly or indirectly engaging in any acts or activities calculated to trade upon and/or tarnish Plaintiff's 2U marks or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

  iv. using in the sale, offering for sale, promotion, advertising, marketing, and/or distribution of its products or services the domain name www.me-2u.com, or any mark, trade name, or domain name that includes "2U," or any mark, trade name or domain name that simulates, imitates, or is confusingly similar to Plaintiff's 2U marks in such a manner as to deceive, to falsely describe or represent the source of the services, or otherwise create confusion upon the purchasing public or the trade;

  v. further violating Plaintiff's property rights and goodwill; and

  vi. otherwise competing unfairly with Plaintiff in any manner whatsoever;

 b. That Defendant take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to,

17

websites and promotional materials bearing Defendant's "Me-2U" design and word marks and the "Me-2U" name;

  c. That Defendant take all necessary and appropriate steps to cease using the www.me-2u.com domain name and to transfer said domain name to Plaintiff;

  d. That Defendant be required to pay over to Plaintiff all damages suffered by Plaintiff as a result of Defendant's acts complained of herein, and that such damages be trebled;

  e. That Plaintiff be awarded punitive damages for the willful and wanton acts of infringement, unfair competition, and other unlawful injurious acts of Defendant complained of herein;

  f. That Plaintiff be awarded its reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117;

  g. At Plaintiff's election, in the alternative to actual damages, that Plaintiff be awarded statutory damages of $100,000 for each violation of 15 U.S.C. § 1125(d)(1); and

  h. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff 2U demands a jury trial on all issues so triable.

Dated: February 27, 2015         Respectfully submitted,

*/s/ Chad A. Rutkowski*
Chad A. Rutkowski
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone: (215) 564-2727
Facsimile: (215) 568-3439
crutkowski@bakerlaw.com

*Attorneys for Plaintiff 2U, Inc.*

19

# VERIFICATION

Under penalty of perjury and in accordance with 28 U.S.C. § 1746, I, Carlla Y. Smith, declare that I have read the foregoing Verified Complaint, and that the factual statements alleged therein are true and correct to the best of my knowledge and belief.

February 27, 2015        By: */s/ Carlla Y. Smith*
Carlla Y. Smith
In-house Counsel
2U, Inc.
8201 Corporate Drive
Landover, Maryland 20785